# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. James B. Clark, III |
| v. | : Magistrate No. 20-12004 (JBC) |
| WALTER QUEZADA-BASAURI, a/k/a "Walter Quezada" | : **CRIMINAL COMPLAINT** |

I, Ian Patel, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

SEE ATTACHMENT B

Ian Patel
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Sworn to before me and subscribed in my presence,
January 6, 2020 at Newark, New Jersey

HONORABLE JAMES B. CLARK, III
UNITED STATES MAGISTRATE JUDGE        Signature of Judicial Officer

## **ATTACHMENT A**

On a date on or after April 30, 2012, and on or before November 22, 2019, in Passaic County, in the District of New Jersey, and elsewhere, the defendant,

**WALTER QUEZADA-BASAURI,**
a/k/a "Walter Quezada,"

being an alien, and on or about December 18, 2006, having been convicted in the Superior Court of New Jersey, Passaic County, of Criminal Mischief, in the Third Degree, in violation of 2C:17-3(a)(1) of the New Jersey Code of Criminal Justice, a felony, and thereafter having been deported and removed and having departed from the United States while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General or the Secretary of Homeland Security expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(1).

## ATTACHMENT B

I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The defendant, WALTER QUEZADA-BASAURI, a/k/a "Walter Quezada," (the "Defendant"), is a citizen of Peru, and he neither is a citizen nor a national of the United States.

2. On or about April 24, 1999, Defendant was arrested by law enforcement officers in New Jersey, for Unlawful Possession of Weapon, in the Third Degree, in violation of Section 2C:39-5(b) of the New Jersey Code of Criminal Justice, and for Certain Persons Not to Have Weapons, in the Second Degree, in violation of Section 2C:39-7(b) of the New Jersey Code of Criminal Justice.

3. On or about September 15, 1999, Defendant pled guilty in the Superior Court of New Jersey, Passaic County, to Unlawful Possession of Weapon, in the Third Degree, in violation of Section 2C:39-5(b) of the New Jersey Code of Criminal Justice, and to Certain Persons Not to Have Weapons, in the Second Degree, in violation of Section 2C:39-7(b) of the New Jersey Code of Criminal Justice and was subsequently sentenced to approximately seven years' imprisonment, the circumstance of which offense constitute a felony.

4. On or about February 24, 2004, Defendant was arrested by law enforcement officers in New Jersey, for committing various official misconduct related offenses, including but not limited to, False Fire Alarm, in the Third Degree, in violation Section 2C:33-3 of the New Jersey Code of Criminal Justice.

5. On or about February 3, 2006, Defendant pled guilty in the Superior Court of New Jersey, Passaic County, to Official Misconduct, in the Second Degree, in violation of Section 2C:30-2(a) of the New Jersey Code of Criminal Justice, to False Fire Alarm, in the Third Degree, in violation of Section 2C:33-3 of the New Jersey Code of Criminal Justice, and to Pattern of Official Misconduct, in the Second, in violation of 2C:30-2 of the New Jersey Code of Criminal Justice and was subsequently sentenced to approximately eight years' imprisonment, the circumstance of which offense constitute a felony.

6. On or about November 12, 2004, Defendant was arrested by law enforcement officers in New Jersey, for Arson, in the Third Degree, in violation of Section 2C:17-1(b)(3) of the New Jersey Code of Criminal Justice, and to Unsworn Fasciation, in the Fourth Degree, in violation of Section 2C:28-3(a) of the New Jersey Code of Criminal Justice.

7. On or about December 18, 2006, Defendant pled guilty in the Superior Court of New Jersey, Passaic County, to Criminal Mischief, in the Third Degree, in violation of Section 2C:17-3(a)(1) of the New Jersey Code of Criminal Justice and was subsequently sentenced to approximately four years' imprisonment, the circumstance of which offense constitute a felony.

8. Thereafter, on or about April 29, 2011, Defendant was ordered removed from the United States to Peru by an Immigration Judge sitting in Falls Church, Virginia.

9. On or about April 30, 2012, Defendant was removed from the United States to Peru. Shortly before his removal from the United States on or about April 30, 2012, an official from ICE took a fingerprint from the Defendant.

10. At some point after his April 30, 2012 removal, Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

11. On or about November 22, 2019, Defendant was arrested by ICE in Clifton, New Jersey.

12. A fingerprint taken from Defendant pursuant to his 1999 arrest for Unlawful Possession of Weapon, 2004 arrest for various official misconduct related offenses, and 2004 arrest for arson were compared to his April 29, 2011, deportation record and the November 22, 2019 fingerprints that were taken after he entered ICE's custody. All the fingerprints were found to be identical.

13. Prior to Defendant's reentry into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to Defendant re-entering the United States. Defendant also did not receive a waiver allowing him to re-enter the United States.